On Rehearing
DORÉ, Judge.
This is a mandamus proceeding originally filed against the Hon. Earl K. Long, Governor of the State of Louisiana, to require him to issue a proclamation ordering an election for the purpose of deciding upon recalling John E. Barrett, School Board Member of Ward 8, Beauregard Parish, Louisiana. As set forth in the original opinion of this court, Judge Morris A. Lottinger being the organ of the court, a writ of mandamus was issued by the lower court, from which writ Governor Earl K. Long appealed to this court.
This court affirmed the judgment of the lower court on March 24, 1952. On April 28, 1952 a rehearing was granted, which rehearing was submitted May 7, 1952. On May 13, 1952 the term of office of Hon. Earl K. Long, as Governor of the State of Louisiana, expired and on that date Hon. Robert F. Kennon was inaugurated and took the office as Governor of the State of Louisiana. On June 6, 1952, on motion of the appellees, the Hon. Robert F. Ken-non, Governor of Louisiana, was substituted as party defendant.
The pertinent facts are set forth in the original opinion as follows:
“The record shows that a petition was circulated in Ward 8 of Beauregard Parish, Louisiana, seeking the recall of John E. Barrett, School Board Member for Ward 8 of said parish. At the time of presentation to the Registrar of Voters of Beauregard Parish, as is required by LSA-R.S. 42:343, the said petition contained 140 signatures. The certificate of the Registrar of Voters, dated September 5, 1951, showed the number of names appearing on the petition, the number of persons who were electors of the voting area, the total number of electors of the areas of the date of execution of the certificate, the total number of registered voters qualified to vote in said area at the last preceding election held on July 25, 1950, and the names appearing thereon who were ¡not electors of the area. The petition and the Registrar’s certificate were then forwarded to the Secretary of State, who transmitted same to the Governor with the certification required of him under the provisions of LSA-R.S. 42:346.
“The Governor failed to issue the proclamation calling the electioin because the certificate of the Registrar of Voters did not show that it was certified by the Registrar within ten days after presentation to him for that purpose. * * *
“The procedure required .for recall elections are set forth in LSA-R.S. 42: 341, et seq. The only question to be decided by this court is relative to the provision of LSA-R.S. 42:343, which requires the Registrar of Voters to certify on the recall petition, within ten days after presented to him for *99 that purpose, the number of names appearing thereon, the number of persons who are electors of the voting area, and also the total number of electors of the voting area, as of the date of execution of the certificate. The certi-cation of the Registrar of Voters was dated September 5, 1951. However, neither does the petition-, show on what date the petition was presented to the Registrar. The respondent claims that, according to, the mandatory provisions of LSA-R.S. 42:343, both the date of presentation to the Registrar and the date of the certification by the Registrar must be shown, otherwise the recall procedure would be invalid. The respondent further claims that it is his duty to take cognizance of -any fatal errors in the procedure, and, thus he was justified in his refusal to call the election.
“The pertinent part of LSA-R.S. 42:343, for the purposes of this proceeding is as follows: ‘The registrar of voters of each parish in the state, wherein a recall election is sought, shall certify on the recall petition, •within ten days after presented to him for that purpose, the number of names •appearing thereon, the number of persons who are electors of the voting area, and also the total number of electors of the voting area, as of the date of execution of the certificate. * * ’ (Italics ours.)”
It was stated in our original opinion that the requirement of the Statute that there be a showing on the certificate of the Registrar of Voters that his certificate was made within ten days of presentation to him, would not be a fatal error; and, in effect, was purely a directory provision. The original opinion further states that in view of the -absence of -an allegation that the certificate was not made within the said ten day period, we must presume that the Registrar of Voters, a public official, performed his official duty according to law.
 On rehearing, upon further consideration, we have reached the conclusion that the provisions of LSA-R.S. 42:343, including the requirement that the Registrar’s certificate be made within ten days after presented to him for that purpose, are all mandatory as contended in the brief of Hon. Earl K. Long, Governor of Louisiana. We base this reconsidered conclusion on the langauge of the Statute, which states:
“ * * * shall certify on the recall petition, within ten days after presented to him for that purpose, * * (Italics ours.)
and the further fact that the Statute provides for a harsh remedy and should therefore be strictly construed.
While we -agree with the contention of respondent in this proceeding that the provision of the Statute with reference to imposing on the Registrar of Voters the duty to make his certificate within ten days of presentation to him of the recall petition, is mandatory, we do not feel that this provision constitutes a sacramental part o-f the procedure provided for by the Statute. The sacramental part of the Statute is that the certificate shall show on its face the number of names on the recall petition who are duly qualified voters and shall show the total number of qualified voters in the last preceding general election. These requirements have been fully met in the certificate of the Registrar of Voters and certainly no injustice could result by a proclamation for a recall election as intended by the terms of the Statute. The real intent of the Statute is that a recall election should be called for by a proclamation of the Governor upon a showing by the. certificate that twenty-five per cent or more of the registered voters have petitioned for such a recall election. In this case, it is clear that forty (40%) per cent of the registered voters have petitioned for the recall election.
The provision for the making of the certificate within ten days of presentation of the petition to the Registrar does not in any manner affect the rights of the petitioners or of the person sought to be recalled. In our opinion, it is merely a provision to compel the Registrar of Voters to perform his duty within a specified time so as to prevent him from pigeonholing the petition indefinitely and the mere fact that *100 his certificate should be issued after a period longer than ten days after the petition was presented to him, should not render the certificate of no effect. To hold otherwise would give the Registrar complete control as to whether or not a recall election could be had and he could defeat the rights of petitioners granted by a Statute by the simple procedure of merely withholding his certificate for a period of more than ten days after the petition was presented to him, and the only remedy the petitioners would then have would be the prosecution of the Registrar for malfeasance in office. We do not believe that it was the intention of the Legislature to create such a situation; but rather, we believe that that part of the Statute was to give an opportunity to the proponents of a recall petition to force the Registrar of Voters, by proper court action, to perform his duties and to issue the required certificate in the event that he failed to do so- within the ten days of the presentation to him of the recall petition.
On reconsideration, while it is our opinion that the provision of the Statute requiring the Registrar of Voters to make his certificate within the ten days of presentation to him is mandatory and that the Statute should contain a provision providing that the certificate contain the date the petition was filed and also the date of the certificate yet in view of the provision of the Statute as written' and in the absence of any showing that the certificate was not made within the ten days we repeat that we must presume that the Registrar performed his duty as required by the Statute.
For these reasons, we therefore reinstate our former decree, affirming the judgment of the lower court, save and except that the writ of mandamus be now directed to Hon. Robert F. Kennon, Governor of the State of Louisiana.